UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOLLIS MEMBERS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, Putnamville )<br> Correctional Facility, )<br>)<br>Respondent. ) | No. 1:06-cv-0028-DFH-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Hollis Members ("Members") for a writ of habeas corpus must be **denied.**

**Background**

Members was convicted in the Marion Superior Court of arson and forgery. These offenses were committed, and the charges relating to them were filed, while Members was released on bond with respect to similar charges in a different state court in Marion County. These offenses were part of Members' scheme to commit arson in order to make a bogus insurance claim. These convictions were entered based on the trial court's acceptance of Members' plea of guilty. There was no direct appeal from the disposition of the action, but Members did seek post-conviction relief. The trial court's denial of such petition was affirmed on appeal in *Members v. State*, No. 49A04-0405-PC-278 (Ind.Ct.App. 2004).

In this action for a writ of habeas corpus, Members argues that his plea was involuntary and hence was constitutionally infirm. Specifically, he contends that: 1) he was not of sound mind at the guilty plea hearing; 2) he thought the plea agreement was for his other pending case; and 3) he was not properly advised by the trial court or his attorney that he faced the risk of consecutive sentences. He also claims that the trial court erred by not ordering Members to undergo mental health treatment until after his sentence was imposed.

**Applicable Law**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Members' habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004).

Under the AEDPA, habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *Raygoza v. Hulick,* 474 F.3d 958, 963 (7th Cir. 2007); see also *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. The "unreasonable application" prong is a difficult standard to meet. *Daniels v. Knight,* 476 F.3d 426, 433 (7th Cir. 2007) (citing *Jackson v. Frank,* 348 F.3d 658, 662 (7th Cir. 2003)). "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman,* 398 F.3d 597, 602 (7th Cir. 2005) (citation omitted); see also *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (state court decision must be objectively unreasonable). To be considered "unreasonable," a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Goodman v. Bertrand,* 467 F.3d 1022, 1028 (7th Cir. 2006); see also *Dunlap v. Hepp,* 436 F.3d 739, 745 (7th Cir. 2006) (to be reasonable, state court decision must be minimally consistent with facts and circumstances of case); *Burgess v. Watters,* 467 F.3d 676, 681 (7th Cir. 2006) (reasonable state court decision is one of several equally plausible outcomes). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

**Discussion**

*The Guilty Plea.* The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be knowingly and voluntarily entered. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct

2

consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* A habeas petitioner bears the burden of establishing that his guilty plea was not knowing and voluntary. See *Parke v. Raley,* 506 U.S. 20, 29-30 (1992).

First, Members argues that his plea was involuntary because he was not of sound mind at the guilty plea hearing. The Indiana Court of Appeals explained:

> Given the findings of two doctors that Members was competent and the trial court's observations and ruling of Member's incompetency, the post-conviction court's finding that Members has not established that he was incompetent is supported by the record. Because conflicting evidence was presented at the post-conviction hearing regarding Members's competency at the guilty plea hearing, Members has failed to demonstrate that the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Thus, the post-conviction court did not err by concluding that Members failed to establish that his guilty plea was unknowing, unintelligent, or involuntary based upon his competency at the guilty plea hearing.

*Members,* at p.11. The Indiana Court of Appeals thereby endorsed the trial court's finding that Members was competent to enter a plea of guilty. This was a finding of fact. *Thompson v. Keohane,* 516 U.S. 99, 111 (1995) (citing *Maggio v. Fulford,* 462 U.S. 111, 117 (1983) (per curiam)); *Wallace v. Ward,* 191 F.3d 1235, 1243-44 (10th Cir. 1999); *United States ex rel. Foster v. DeRobertis,* 741 F.2d 1007, 1011 (7th Cir. 1984). Under AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El,* 537 U.S. at 340; 28 U.S.C. § 2254(d)(2).
Members has not shown by clear and convincing evidence, nor by any evidence at all, that the factual findings of the Indiana Court of Appeals are not correct. The finding that he was competent is therefore established for the purpose of this proceeding, and no relief or re-determination of the facts is available to Members under § 2254(d)(2) with respect to this claim.

Second, Members argues that he thought the plea agreement was for his other pending case in Criminal Court No. 1. The Indiana Court of Appeals found that, "Members makes no other argument concerning this issue. Consequently, Members has waived this issue by failing to make a cogent argument." *Members,* at p.12. The claim was waived in state court, and no circumstances overcoming that waiver have been established. Waiver notwithstanding, the post-conviction court reviewed this issue and the Indiana Court of Appeals explained, "Members's claims that he thought that he was pleading guilty to Court 1 Offenses are contradicted by the portions of the guilty plea hearing transcript quoted by the post-conviction court, in which Members clearly admits to the Court 6 Offenses.

3

Consequently, the post-conviction court did not err by finding that Members failed to establish that his guilty plea was unknowing, unintelligent, or involuntary based upon a lack of factual basis." *Members,* at p.15. Even if the court reached a different conclusion with respect to the question of procedural default, moreover, the Indiana Court of Appeals' further discussion of the merits was not an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. See *Garth v. Davis,* 470 F.3d 702 (7th Cir. 2006); *Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review).

Members' third and final argument that his guilty plea was involuntary relates to his claim that he was not properly advised by the trial court or his attorney that he risked consecutive sentences. The Indiana Court of Appeals explained:

> Members told the trial court at the guilty plea hearing, '[w]hen we first discussed the plea agreement it said, they said, you know, we'd receive 10 years to add on with the time I already had, which was twenty eight.' *Id.* This statement indicates that Members was aware of the consecutive sentencing, and Members failed to meet his burden of demonstrating that he was unaware of the consecutive sentencing. The evidence does not point to only the conclusion opposite that reached by the post-conviction court, and, thus, we conclude that the post-conviction court, did not err by finding that Members failed to establish that his guilty plea was unknowing, unintelligent, or involuntary based upon the consecutive sentencing.

*Members,* at p. 16. Members' state of mind, his knowledge of which offenses related to the guilty plea and the possibility of consecutive sentences in relation to the decision to enter into the plea agreement were reviewed by the post-conviction court based on its consideration of Members' testimony and the circumstances surrounding the plea. Many of Members' specifications of attorney ineffectiveness are in direct contradiction to his representations at his change of plea proceeding. Those specifications are not available to support his claim in this case, because "'[r]ational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding.'" *Bontkowski v. United States*, 850 F.2d 306, 314 (7th Cir. 1988) (quoting *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987)). The analysis of the Indiana courts as to this claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, Members cannot prevail on this claim.

*Effective Assistance of Counsel.* Members also argues that he was denied the effective assistance of counsel. Members claims that his guilty plea was involuntary because his attorney rendered ineffective assistance by failing to: 1) raise the competency issue before the guilty plea hearing, pursue an insanity defense or file a motion to suppress a statement; 2) file a motion to withdraw the guilty plea prior to sentencing; and 3) advise Members that he risked consecutive sentences with his other criminal case if he accepted a guilty plea.

It is without doubt that a defendant has a right to the effective assistance of counsel in the plea negotiation and sentencing process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985); *Banks v. Hanks,* 41 F.3d 1187, 1189 (7th Cir. 1994). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

With respect to the first prong, "'[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688).

In terms of prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Amerson v. Farrey,* 492 F.3d 848, 851 (7th Cir. 2007)(internal citations and quotation omitted).

"A state court must analyze a claim of ineffective assistance of counsel pursuant to the guidelines set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." *Julian v. Bartley*, 2007 WL 2121921, at *6 (7th Cir. July 25, 2007). That is what occurred here. *Members*, at p. 17. A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that Members' counsel was not ineffective. See *Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004).

The Indiana Court of Appeals recognized the *Strickland* standard and reasonably applied it to the facts of Members' case. It did so through the following. *First,* it concluded that Members had presented "absolutely no evidence" that the outcome of the insanity defense of the motion to suppress would have been different if his lawyer had raised the issues prior to the guilty plea and Members presented no evidence that he would have been found not guilty if he had gone to trial. This was a finding that Members had not been prejudiced. *Members,* at p. 19. *Second,* Members did not demonstrate how a motion to withdraw the guilty plea would have been different if filed by attorney Spence than was the motion actually filed by attorney Dickerson. Again, this was a finding that Members had not been prejudiced. *Id. Third*, because Members already knew he faced consecutive sentences, the Indiana Court of Appeals concluded that Members had failed to meet his burden of showing that his attorney had performed deficiently by not informing him of this possibility. *Members*, at p. 20. The Indiana Court of Appeals' resolution of the issues surrounding the claim of ineffectiveness of counsel shows that it took the constitutional standard seriously and produced an answer within the range of defensible positions. *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Accordingly, this court is without authority to grant Members' petition for habeas relief as to his claim of ineffective assistance of counsel in his direct appeal. *Murrell v. Frank,* 332 F.3d 1102, 1111 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

*Mental Health Treatment.* Members claims that he is entitled to habeas corpus relief because the trial court did not order him to undergo mental health treatment until after his sentence was imposed.

A defendant is initially presumed to be competent to plead guilty. *United States v. Graves,* 98 F.3d 258, 260 (7th Cir. 1996). To be found competent, the defendant must understand the nature of the proceedings, and be able to assist counsel. *United States v. Moore,* 425 F.3d 1061, 1074 (7th Cir. 2005). "A defendant is entitled to a hearing on his competency if a *bona fide* doubt arises about his ability to consult with his attorney or his understanding of the charges brought against him. Likewise, a trial judge must inquire *sua sponte* into a defendant's mental state if events in court call into question the defendant's competency." *Woods v. McBride,* 430 F.3d 813, 817 (7th Cir. 2005)(internal citations omitted). The circumstances of this case do not show that a hearing on Members' competency was required. He is not entitled to relief as to this third claim, which the respondent correctly notes is both logically and factually subsumed by his claim that he was not competent to enter a plea of guilty and that the state courts erred by concluding otherwise.

## Conclusion

This court has carefully reviewed the state record in light of Members' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Members to relief in this case. Members' petition for a writ of habeas corpus is therefore **denied.** Members' request for ruling is resolved through the issuance of this Entry. Judgment consistent with this Entry shall now issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 10/18/2007